```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
CHICAGO INSURANCE COMPANY,              Civil Action No. 04 Civ. 7934

            Plaintiff,
                                        **AFFIDAVIT OF DIANE CUMMINGS**
      -against-                         **IN SUPPORT OF PLAINTIFF'S**
                                        **MOTION FOR SUMMARY JUDGMENT**
JOHN FASCIANA and FASCIANA &
ASSOCIATES, P.C.,

            Defendants.
--------------------------------X

STATE OF ILLINOIS    )
                     : ss.:
COUNTY OF COOK       )
```

DIANE CUMMINGS, being duly sworn, deposes and says:

1. I am employed by Fireman's Fund Insurance Company as a Director of Underwriting; I have worked in that capacity for 13 years, including during the period between April 2000 and June 2000. Plaintiff Chicago Insurance Company ("CIC") is one of a number of companies under the Fireman's Fund umbrella.

2. I have personal knowledge of the matters set forth below based upon my review of the accompanying affidavit of Kevin F. Cavaliere, Esq. and the exhibits thereto, and my review of the CIC underwriting file pertaining to a renewal policy issued by CIC to defendant Fasciana & Associates, P.C. for the period from June 10, 2000 to June 10, 2001. I therefore submit this affidavit in support of CIC's motion for summary judgment.

3. In reviewing this matter, I note that (1) defendant John Fasciana ("Fasciana") has been found guilty in a criminal proceeding (commenced in January 2001) of having committed fraud with respect to his professional involvement with an entity known

as Electronic Data Systems Corporation, (2) Fasciana's knowing misconduct occurred during the period from or between 1995 and the end of 1998, (3) defendants submitted an application to CIC for renewal of a lawyers professional liability insurance policy covering the claims-made period from June 10, 2000 to June 10, 2001, (4) Fasciana appears to have signed the application on April 10, 2000, (5) the "no" box was checked on that application in response to a question asking whether there were any circumstances which may result in a claim, and (6) CIC issued a lawyers professional liability policy to defendant Fasciana & Associates, P.C., no. LWB-3003441-0, in reliance upon the information supplied in the application.

    4.   If defendants disclosed in the policy application that Fasciana had engaged in still-uncharged fraudulent misconduct to the detriment of EDS from or between 1995 and the end of 1998 — as they were obliged to do in response to the application question asking whether there were any circumstances which may result in a claim — CIC certainly would not have issued the renewal policy. CIC does not, and presumably cannot, knowingly issue a liability insurance policy to a prospective insured who has engaged in still-uncharged misconduct of a knowingly fraudulent nature. Indeed, I have never heard of any insurance company issuing a liability policy in that situation.

    5.   Of course, any underwriting guidelines that had been maintained by CIC at the time defendants submitted the application at issue do not address the underwriting effect of an

applicant's commission of fraudulent acts.  That is because it is obvious that any insurer would not insure a lawyer engaged in such misconduct.

                                                s/Diane Cummings
                                                        DIANE CUMMINGS

Sworn to before me this
17th day of February, 2006.

s/Jerome V. Frazel
      Notary Public

S&C#80797.1