```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHICAGO INSURANCE CO.,              :
                                    :
                 Plaintiff,         :
                                    :      04 Civ. 7934 (LAP)
         -against-                  :
                                    :      MEMORANDUM AND ORDER
JOHN FASCIANA AND                   :
FASCIANA & ASSOCIATES, P.C.,        :
                                    :
                 Defendants.        :
------------------------------------x
```

LORETTA A. PRESKA, United States District Judge:

    Plaintiff Chicago Insurance Co. (the "Company"), an Illinois corporation, brought a diversity action against Fasciana & Assoc., P.C., and John Fasciana ("Fasciana"), a New York citizen, (1) to rescind a lawyer's professional liability insurance policy (Count 1), (2) for a judgment declaring that the insurance company is not required to provide coverage to Defendant Fasciana for a civil suit pending in the Eastern District of Texas (Count 2), and (3) for reimbursement of all fees and expenses paid (Count 3).  Chicago Insurance seeks judgment against Defendants for damages, interest, and counsel fees, on account of an alleged material misrepresentation in an application for an insurance policy.  The Company has moved for

summary judgment on its first three claims for relief.[1]

BACKGROUND

On April 10, 2000, Defendant Fasciana signed an application seeking to obtain from Chicago Insurance a lawyer's professional liability claims-made insurance policy on behalf of himself and Defendant Fasciana & Assoc. Pl. Rule 56.1 Stmt. ¶ 1;[2] Def. Rule 56.1 Stmt. ¶ 1;[3] Cavaliere Aff., Ex. E.[4]  Chicago Insurance notes that Fasciana answered "no" to an insurance application question that asked whether there were any circumstances that may result in a claim against his firm. Pl. Rule 56.1 Stmt. ¶ 2; Cavaliere Aff., Ex. E.  On June 7, 2000, the Company issued an insurance policy to Defendants for the period June 10, 2000, to June 10, 2001, for up to $2 million. Pl. Rule 56.1 Stmt. ¶ 3; Cavaliere Aff., Ex. E.

---

[1] Defendant argues that this Court should only address the first claim of relief because an Order dated January 18, 2006, stated that Plaintiff "may proceed" with its proposed motion for summary judgment on that claim.  Yet, a Stipulation and Order, signed by counsel for both parties, and "So Ordered" by the Court on March 16, 2006, stated "the return date of Plaintiff's motion for summary judgment as to the First, Second and Third claims for Relief in the Complaint, is adjourned from March 22, 2006 to April 12, 2006."  Also, Plaintiff's notice of motion expressly states that it seeks relief on the first three claims.  Thus, I will address all three claims as the parties have in their briefing.
[2] "Pl. Rule 56.1 Stmt." refers to Plaintiffs' Local Rule 56.1(a) statement of material facts dated February 21, 2006.
[3] "Def. Rule 56.1 Stmt." refers to Defendants' response to statements pursuant to Local Rule 56.1(a) dated March 22, 2006.
[4] "Cavaliere Aff." refers to the affidavit of Kevin F. Cavaliere, Esq. in support of Plaintiff's motion for summary judgment dated February 17, 2006.

In January 2001, the Government filed an indictment in the Southern District of New York against Defendant Fasciana, <u>United States v. John Fasciana et al.</u>, 01 Cr. 58, charging multiple counts of fraud with respect to his and his firm's dealings with their client, FACS Corporation International ("FACS"), which was acquired by Electronic Data Systems ("EDS"). Pl. Rule 56.1 Stmt. ¶ 4; Def. Rule 56.1 Stmt. ¶ 4; Cavaliere Aff., Ex. C.  The indictment alleged that Fasciana participated in a scheme to make it appear that EDS had collected more than $350,000 in pre-acquisition receivables by laundering funds through Fasciana's bank accounts to pay FACS shareholders improperly.  This enabled Fasciana to receive unearned additional contingency fees.

On March 15, 2001, Defendant Fasciana notified the Company of a civil lawsuit EDS brought against him in the Eastern District of Texas alleging fraud in connection with his professional representation, <u>Electronic Data Systems Corp. v. John Fasciana</u>, 01 Civ. 93 (the "Texas Action"). Pl. Rule 56.1 Stmt. ¶ 7; Def. Rule 56.1 Stmt. ¶ 7; Cavaliere Aff., Ex. D. Under a reservation of rights in a letter dated April 24, 2001, the Company assigned counsel to represent Fasciana in the civil action. Pl. Rule 56.1 Stmt. ¶ 9; Def. Rule 56.1 Stmt. ¶ 9; Cavaliere Aff., Ex. F.  Soon after, the Company acquiesced to Fasciana's request to be represented by counsel of his choice.

Pl. Rule 56.1 Stmt. ¶ 10; Def. Rule 56.1 Stmt. ¶ 10; Cavaliere Aff., Exs. G, H, J.

On July 7, 2005, after a two-and-a-half month criminal trial, Fasciana was found guilty by a jury on multiple counts of fraud arising out of his professional relationship with EDS. Cavaliere Aff., Exs. C, M.  The evidence at trial showed that Defendant Fasciana, as an attorney for his client, FACS, acquired by EDS, had knowingly engaged in fraudulent conduct with respect to EDS in the years immediately prior to the submission of the application. Cavaliere Aff., Exs. C, M.  On November 20, 2006, Judge Laura Taylor Swain sentenced Defendant Fasciana principally to 48 months incarceration, and judgment was entered on December 11, 2006 [docket no. 219].

Chicago Insurance seeks rescission of the policy (Count 1) because, it argues, Defendants made a material misrepresentation in the application for that policy by answering "no" to an application question inquiring whether there were any circumstances that may result in a claim against the firm. Pl. Memo. at 1.[5]  Further, the Company seeks a judgment declaring that it has no obligation to provide coverage to Fasciana in the Texas Action, Compl. ¶ 28 (Count 2), and ordering reimbursement

---

[5] "Pl. Memo." refers to the Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment filed on February 22, 2006.

4

of money the Company paid in providing a defense in the Texas Action, Compl. ¶ 31 (Count 3).

Diane Cummings, the Director of Underwriting at Fireman's Fund Insurance Company, under whose umbrella Chicago Insurance operates, has explained that had Defendants disclosed "still-uncharged fraudulent misconduct to the detriment of EDS from or between 1995 and the end of 1998 -- as they were obliged to do in response to the application question asking whether there were any circumstances which may result in a claim -- CIC certainly would not have issued the renewal policy." Affidavit of Diane Cummings in Support of Plaintiff's Motion for Summary Judgment dated February 17, 2006 ("Cummings Aff.") ¶ 4.

## DISCUSSION

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Because summary judgment searches the record, Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G., 215 F.3d 219, 225 (2d Cir. 2000), the affidavits submitted on the preliminary injunction motion also may be considered.  "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his

pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "Factual disputes that are irrelevant or unnecessary" cannot defeat a motion for summary judgment. Id. at 248. All ambiguities must be resolved, and all reasonable inferences drawn, against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1982)). Only if it is apparent that no rational finder of fact "could find in favor of the nonmoving party because the evidence to support its case is so slight" should summary judgment be granted. Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994). This Court must accept the allegations of the complaints as true and construe all reasonable inferences in favor of Plaintiffs. See Karedes v. Ackerly Group, 423 F.3d 107, 113 (2d Cir. 2005); Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000).

Under New York law, an insurer may avoid an insurance contract if the insured made a false representation of past or present fact as an inducement to enter into the contract and the misrepresentation was material, that is, where "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract." Insurance Law § 3105 (a), (b); see Cruz v. New Millennium Constr. & Restoration Corp., 17

A.D.3d 19, 21 (3d Dep't 2005).  A "material misrepresentation, even if innocent or unintentional, is sufficient to warrant a rescission of the policy." McLaughlin v. Nationwide Mut. Fire Ins. Co., 8 A.D.3d 739, 774 (3d Dep't 2004).  The Company argues that Fasciana should have disclosed on the Chicago Insurance application his fraudulent activities with respect to his professional relationship with EDS, that, because of his criminal conviction, he is estopped from denying knowledge of that fraud, and that that information was material.  Defendants argue that collateral estoppel is not appropriate here and that the Company has not shown a misrepresentation or that any misrepresentation on the application was material.

In this diversity action, federal law governs the collateral estoppel effect of a federal criminal conviction in a subsequent diversity action. Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 43 (2d Cir. 1986).  The Court of Appeals has set out the requirements for collateral estoppel:

> (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

Id. at 44.  The Court of Appeals has explained that "a party other than the Government may assert collateral estoppel based on a criminal conviction" and that "[t]he criminal defendant is

7

barred from relitigating any issue determined adversely to him in the criminal proceeding, provided that he had a full and fair opportunity to litigate the issue." Id. at 43.

As to the first requirement of identity of issues, the key issue in this case is whether, at the time he completed the Chicago Insurance application, Fasciana knew of any circumstances that may result in a claim, that is, whether he knew that he engaged in misconduct in his professional capacity with respect to EDS.  Defendants concede that, "It is not contested that there is a substantial overlap of certain of the matters charged in the civil and criminal proceedings." Def. Rule 56.1 Stmt. ¶ 8.  Because (1) the indictment in the criminal proceeding charged and the jury found that Fasciana knowingly and willfully committed fraud in connection with his professional relationship with EDS during the years preceding Fasciana's executing the policy application, and (2) the issue here is whether, prior to executing the application, Fasciana knew of his fraudulent activities with respect to EDS, the first requirement of identity of issues has been met.

As to the second requirement of whether the issue in the prior proceeding was actually litigated and decided, the two-and-a-half-month criminal trial litigated, and, by its guilty verdict, the jury decided, beyond a reasonable doubt, that

Fasciana knowingly defrauded EDS to obtain unearned legal fees. Thus, the second requirement has been met.

As to the third requirement for a "full and fair opportunity for litigation" in the prior proceeding, Fasciana now claims that he did not have a full opportunity to litigate the issue because he and his wife were not permitted to offer certain testimony.  Under Rule 403, the trial court sustained the Government's objection to Mr. and Mrs. Fasciana's proposed testimony that they attended certain golf events with EDS executives to raise funds for medical treatment of one of their children.  Fasciana, however, had a full trial -- with his liberty at stake -- to present his case and to show that he was unaware of or did not commit the fraud.  That the district judge precluded certain evidence in the trial does not mean that the issue of Fasciana's knowing participation in a fraud as to EDS was not fully litigated; it just so happens that an evidentiary question was decided in favor of the opposing side.  If the Court of Appeals determines that the district court improperly precluded that evidence and reverses for that (or any other) reason, then I may re-examine the issue of collateral estoppel.  At this time, however, the third requirement of a full and fair opportunity for litigation in the prior proceeding has been met.

As to the fourth requirement, that the issue previously litigated must have been necessary to support a valid and final

9

judgment on the merits, Fasciana's criminal conviction necessarily involved a finding of his knowing participation in a fraud with respect to obtaining legal fees from EDS improperly. Judge Swain has sentenced Fasciana, and judgment has been entered, so the case is deemed final in the district court.

Defendants argue that Gelb precludes the application of collateral estoppel to a case where the appeal process has not been concluded. Gelb, however, held that "although failure to appeal does not prevent preclusion, inability to obtain appellate review, or the lack of such review once an appeal is taken, does prevent preclusion." 798 F.2d at 44. Here, Fasciana can hardly claim that he is "unable" to appeal his conviction. As of now, Fasciana's ability to appeal is sufficient for collateral estoppel purposes. See Fuchsberg & Fuchsberg v. Galizia, 300 F.3d 105, 110 (2d Cir. 2002) (holding that "[d]iscovery denial . . . of a party's motion for leave to appeal . . . is not equivalent to the absence of an opportunity to appeal, and does not prevent the underlying decision . . . from having collateral estoppel effect"). I will retain jurisdiction to revisit the issue if, in fact, the conviction is reversed on appeal. See United States v. Nysco Labs, Inc., 318 F.2d 817, 818 (2d Cir. 1963) (district court properly applied collateral estoppel despite the pendency of the appeal in part because the district court reserved jurisdiction upon the

10

outcome of the appeal); see also Petrella v. Siegel, 843 F.2d 87, 90 (2d Cir. 1988). Thus, the fourth requirement has been met. Accordingly, Fasciana is collaterally estopped from denying knowledge of his fraudulent activities undertaken as a lawyer with respect to EDS.

The next question is whether or not Fasciana's failure to disclose his fraud with respect to EDS was material. As Judge Cote has summarized in Kantrowitz v. Paul Revere Life Ins. Co., 95 Civ. 2204, 1997 WL 128463 (S.D.N.Y. March 19, 1997):

> A misrepresentation is material when "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract." N.Y. Ins. Law § 3105(b) (McKinney 1985); JMR Elec. Corp., 848 F.2d at 32; Ferris v. Columbian Mutual Ins. Co., 190 A.D.2d 1061, 593 N.Y.S.2d 683, 684 (N.Y. App. Div. 1993). In an off-cited New York case, the court stated that "The test is whether failure to furnish a true answer defeats or seriously interferes with the exercise of the insurance company's right to accept or reject the application. The major question is whether the company has been induced to accept an application which it might otherwise have refused." Process Plants, 385 N.Y.S.2d at 311. The test does not require the insurer to show that it would have issued any policy at all to the insured – only that it would not have issued the policy in question. JMR Elec. Corp., 884 F.2d at 32-33; Mutual Benefit Life Ins. Co. v. Morley, 722 F. Supp. 1048, 1051 (S.D.N.Y. 1989).
>
> While the materiality issue is usually one of fact for the jury, where the evidence is

> "'clear and substantially uncontradicted, the matter is one of law for the court to determine.'" <u>JMR Elec. Corp.</u>, 848 F.2d at (quoting <u>Process Plants Corp.</u>, 385 N.Y.S.2d at 310-11).

<u>Id.</u> at *4 (emphases added).  Fasciana is correct in noting that conclusory statements by insurance company employees, standing alone, are ordinarily insufficient to support summary judgment. <u>Kantrowitz</u>, 1997 WL 128463, at *4; see <u>Gibbons v. John Hancock Mutual Life Ins. Co.</u>, 643 N.Y.S.2d 847, 848 (4th Dep't App. Div. 1996); <u>Wittner v. IDS Ins. Co. of N.Y.</u>, 466 N.Y.S.2d 480 (2d Dep't App. Div. 1983).

Here, as noted above, Diane Cummings, Director of Underwriting for thirteen years at Fireman's Fund Insurance Company, notes the following facts in her affidavit:

> (1) defendant John Fasciana ("Fasciana") has been found guilty in a criminal proceeding (commenced in January 2001) of having committed fraud with respect to his professional involvement with an entity known as Electronic Data Systems Corporation, (2) Fasciana's knowing misconduct occurred during the period from or between 1995 and the end of 1998, (3) defendants submitted an application to [Chicago Insurance] for renewal of a lawyers professional liability insurance policy covering the claims-made period from June 10, 2000 to June 10, 2001, (4) Fasciana appears to have signed the application on April 10, 2000, (5) the "no" box was checked on that application in response to a question asking whether there were any circumstances which may result in a claim, and (6) CIC issued a lawyers professional liability policy to defendant Fasciana &

12

>    Associates, P.C., no. LWB-3003441-0, in
>    reliance upon the information supplied in
>    the application.

Cummings Aff. ¶3.  Based on those undisputed facts, Ms. Cummings concludes as follows:

>    If defendants disclosed in the policy
>    application that Fasciana had engaged in
>    still-uncharged fraudulent misconduct to the
>    detriment of EDS from or between 1995 and
>    the end of 1998 – as they were obliged to do
>    in response to the application question
>    asking whether there were any circumstances
>    which may result in a claim – [Chicago
>    Insurance] certainly would not have issued
>    the renewal policy.  [Chicago Insurance]
>    does not, and presumably cannot, knowingly
>    issue a liability insurance policy to a
>    prospective insured who has engaged in
>    still-uncharged misconduct of a knowingly
>    fraudulent nature.  Indeed, I have never
>    heard of any insurance company issuing a
>    liability policy in that situation.
>
>    Of course, any underwriting guidelines that
>    had been maintained by [Chicago Insurance]
>    at the time defendants submitted the
>    application at issue do not address the
>    underwriting effect of an applicant's
>    commission of fraudulent acts.  That is
>    because it is obvious that any insurer would
>    not insure a lawyer engaged in such
>    misconduct.

Cummings Aff. ¶¶4-5.

The facts here are clear and, by operation of collateral estoppel, substantially uncontradicted.  Because the facts are undisputed and because of the gravity of Fasciana's conduct, Ms. Cummings' affidavit is sufficient basis for a finding of

13

materiality.  It is not a conclusory statement but sets out the facts and the conclusion to be drawn from those facts.  No reasonable factfinder would find Fasciana's misstatement on the Chicago Insurance application not to be material, and no reasonable factfinder would find that an insurance company would have issued the policy Chicago Insurance issued had it known of the true facts.[6]  Accordingly, I find Fasciana's misstatement to be material as a matter of law.

To the extent that Fasciana argues that he was instructed by certain unnamed supposed agents of Chicago Insurance "to not mention [in the application for the policy] every possible claim which exists . . . [but] to put down only those matters on which I had a current belief of an impending or likely claim," Fasciana Affidavit dated March 20, 2006, at 1 ¶ 1, it is insufficient to defeat summary judgment.  First, the substance of the instructions is hearsay and not cognizable on summary judgment.  Fasciana does not identify the supposed agents, and thus his assertions cannot be found to constitute an admission by the Company.

Second, the signature page of the Chicago Insurance application states "IT IS AGREED THAT THIS FORM SHALL BE THE BASIS OF THE CONTRACT SHOULD A POLICY BE ISSUED, AND IT WILL BE

---

[6] For these same reasons, defendants' motion to strike the Cummings Affidavit is denied.

14

ATTACHED TO THE POLICY." Cavaliere Aff., Ex. E, at 3 of 3. Further, the policy itself states

> By acceptance of this policy the Insured agrees that the statements in the Declarations and the Application and any attachments hereto are the Insured's agreements and representations <u>and that this policy embodies all agreements existing between the Insured and the Company or any of its representatives relating to this insurance</u>.

Id. at 1 of 2 (emphasis added). Similar language is contained on page 7 of 9 of the policy jacket and in the policy paragraph designed "N. Declarations and Applications." Id. at 7 of 9. These notices on the application and in the policy preclude reliance on oral modifications of the kind asserted by Fasciana.

    Finally, even accepting for today's purposes Fasciana's claim that he only had to list a "likely" claim, no reasonable factfinder could find that the fraudulent activities which he was convicted of engaging in with respect to EDS were not likely to result in a claim. Accordingly, Fasciana's argument as to a supposed modification of the application is rejected.

    Defendants argue that the Company has "unclean hands" and thus is not entitled to the equitable remedy of rescission because the Company refused to return premiums for the five policy years before 2000-2001, the policy year as to which it

15

seeks rescission.  Defendants cite no authority for that proposition and, in any event, could have counterclaimed for the prior premiums had they seen fit to do so.  The Company chose this remedy, not the one Defendants propose.

Also, Defendants argue that the Company waived its right to rescission by assigning counsel to Fasciana in the civil action. Under New York law, waiver has to be a "voluntary and intentional relinquishment of a known right." Schiff Assocs., Inc. v. Flack, 51 N.Y.2d 692, 698 (1980).  "[C]ourts find waiver where there is direct or circumstantial proof that the insurer intended to abandon the defense." Id.; see also United States Fire Ins. Co. v. Am. Home Assurance Co., 19 A.D.3d 191, 192 (1st Dep't 2005) (holding that a reservation of rights letter "conclusively establishes" a defense).  Here, the Company sent a reservation of rights letter within a few weeks of notification of the civil action and brought this action for rescission nine months prior to Fasciana's conviction in the criminal case. Accordingly, the Company did not show an "intent to abandon the defense" merely by assigning counsel upon notification of the civil action.  In any event, as noted above, Chicago Insurance also acquiesced in Fasciana's request that it fund counsel of his choice.

Accordingly, for the reasons set out above, the motion of Chicago Insurance for summary judgment on its rescission claim

16

is granted.  Because the policy is rescinded, the Company also is entitled to a declaration that it is not required to defend Fasciana in the Texas Action.

Finally, because rescission voids a policy from its inception, an insurer is entitled to reimbursement of legal fees paid by it on the insured's behalf, and the insured is entitled to reimbursement of the paid premium. See, e.g., Aetna Casualty & Surety Co. v. Retail Local 906, 921 F. Supp. 122, 133 (E.D.N.Y. 1996), aff'd, 106 F.3d 34 (2d Cir. 1997). Accordingly, the Company is entitled to reimbursement of legal fees paid on behalf of Defendants, and Defendants are entitled to reimbursement of the premium paid for the year in question.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment on its first three claims for relief (docket no. 50) is granted, and Defendants' motion for abatement of this order, to strike Diane Cummings' Affidavit and for various other relief (docket no. 63) is denied.  When judgment is entered, unless otherwise indicated, the action shall be subject to re-opening in the event Fasciana's conviction is reversed.

Counsel shall confer and inform the Court by letter how they wish to proceed as to any remaining claims.

SO ORDERED

December 13, 2006

*Loretta A. Preska*
Loretta A. Preska, U.S.D.J.